IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-122 |
| | ) | |
| MICHAEL THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. In his complaint, Plaintiff asserts that Defendant Michael Thomas, a records clerk at ASMP, violated his constitutional rights by withholding his medical records in a "legal case." (Doc. no. 1, p. 5). Plaintiff contends that after he had reviewed his medical records, he had ordered copies of

them to be sent to the Court in another case[1] to show that the defendant in that case had committed perjury, falsified his medical records, and was deliberately indifferent to his medical needs. (Id.). However, Plaintiff alleges that Defendant took those records back from him without making these copies. (Id.). Plaintiff seeks, as relief, copies of his medical records and an order directing Defendant not to conceal his records.

## II.  DISCUSSION

As to Plaintiff's claim that Defendant violated his constitutional rights by withholding his medical records, he fails to state a claim upon which relief can be granted.  That is, it appears from Plaintiff's statement of relief that he merely seeks an order directing Defendant to furnish copies of his medical records in another, unnamed legal action.  Filing a separate lawsuit pursuant to § 1983 is not the proper method of obtaining discovery in another lawsuit. Rather, the Federal Rules of Civil Procedure provide mechanisms by which to obtain, or if necessary compel, discovery.  See Fed. R. Civ. P. 33 (interrogatories to parties); Fed. R. Civ. P. 34 (production of documents and things); see generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Moreover, the Eleventh Circuit has ruled that "[a] prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine." Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (*per curiam*) (citation omitted).  Thus, neither Defendant Thomas, nor other non-parties, are required to fund Plaintiff's litigation efforts.

---

[1] It should be noted that although he indicates that a Dr. Dwayne Ayers is involved in this other "legal case," Plaintiff has not provided a case name or a case number to identify this other pending legal action.

2

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and his case should therefore be **DISMISSED**.

Finally, in his complaint, Plaintiff states that he reserves the right to name any person as a defendant who "conceals, covers-up, withholds, [or denies] his right to review his medical records and have copies made for the Court in legal cases." (Doc. no. 1, p. 4). However, the attempt by Plaintiff to prolong this action to add defendants at his leisure is inappropriate. If Plaintiff seeks to name other individuals as defendants in this action, Plaintiff must amend his complaint. Although the Court recognizes that Plaintiff is proceeding *pro se* and that he has the opportunity to amend his complaint in accordance with Fed. R. Civ. P. 15(a), Plaintiff has indicated that he only reserves the right to name other persons who may conceal, cover-up, withhold, or deny him the right to review or receive free copies of his medical records in the future, not that he wishes to add additional defendants at this time. Also, as described above, such allegations fail to state a claim upon which relief can be granted. As such, to order Plaintiff to amend his complaint would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (explaining that leave to amend should be freely given, but is properly denied when any amendment would be futile).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted.

SO REPORTED and RECOMMENDED this 12th day of December, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3